## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-19-28** |
| | § | |
| **AUSTIN GRAY ROBERSON,** | § | |
| **Defendant** | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, United States Attorney for the Southern District of Texas, and Kimberly Ann Leo, Assistant United States Attorney, and the defendant, Austin Gray Roberson ("Defendant"), and Defendant's counsel, Peyton Peebles, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1, 2, 3 and 5 of the Indictment. Counts 1, 2 and 3 charge Defendant with **Sexual Exploitation of Children**, in violation of Title 18, United States Code, Section 2251(a) and (e). Count 5 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2251 (a) and (e), is imprisonment for not less than 15 years and not more than 30 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for a violation of Title

18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000.00. Additionally, under Counts 1, 2, 3 and 5, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

2

## Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United

States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

9.   The United States agrees to each of the following:

(a)   If Defendant pleads guilty to Counts 1, 2, 3 and 5 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)   If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

10.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States

4

Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other

United States Attorney's Office. The United States Attorney's Office for the Southern District of

Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention

of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines

sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless

acknowledges and agrees that the Court has authority to impose any sentence up to and including

the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the

sentence to be imposed is within the sole discretion of the sentencing judge after the Court has

consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the

5

parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)   If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)   At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1, 2, 3 and 5 of the Indictment.   If this case were to proceed to trial, the United States could prove each element of the offenses of sexual exploitation of children and possession of child

6

pornography beyond a reasonable doubt.   The following facts, among others would be offered to establish the Defendant's guilt:

a.      In June of 2018, FBI Special Agent Ryan Shultz received a lead from FBI Los Angeles detailing findings from a search warrant executed within their area of responsibility.   FBI Los Angeles executed a search warrant on February 7, 2018, at the residence of Justin Schobey in pursuit of child exploitation material.   After interviewing Schobey and conducting a forensic review of the seized evidence, it was learned that Schobey was using the Kik Messenger appication user name "justins.121" to communicate with dozens of other Kik users for the purpose of obtaining and trading child pornography.

b.      One of the individuals which Schobey was communicating with was using the Kik username "imdabest002".  From June 27, 2016, through June 28, 2016, Schobey and "imdabest002" engaged in text communications to include the exchange of approximately 20 image files of suspected child pornography.   The majority of the image and video files exchanged are child pornography as defined in Title 18, United States Code, Section 2256.   One such file is a still image file that depicted a nude minor male, estimated to be less than 10 years of age, seated on the floor with his legs spread while masturbating his penis.   Another such file is a still image file that is depicted two minor males, estimated to be less than 14 years of age, with one of the minor males performing oral sex on the penis of the other minor male. A third file is a still image file that depicted a minor male, estimated to less than 12 years of age, nude from the waist down while being anally penetrated by the erect penis of an adult male.

c.      On April 19, 2018, an administrative subpoena was served to Kik requesting subscriber information for the Kik user "imdabest002".   The response from Kik, received on April

23, 2018, listed the most recent IP address for the Kik user as 73.6.69.186. The response also included an email address of "imdabest002@gmail.com". On April 27, 2018, an administrative subpoena was served upon Comcast Cable Communications, Inc. ("Comcast"), requesting subscriber information for the user of IP address 73.6.69.186. A response from Comcast, received on April 30, 2018, identified the subscriber as Don Roberson at a residential address on Mulberry Meadows Drive in Houston.

d.      On July 3, 2018, SA Shultz and SA Guerra, conducted a knock-and-talk at the aforementioned address in Houston, Texas. At that time, they encountered the Defendant's father, Don Roberson, who advised them that his son, Austin Gray Roberson, was not home. Agents later located the Defendant and advised him of his *Miranda Rights*. The Defendant then acknowledged his rights and chose to make a statement.

e.      The Defendant admitted that his Kik username was "imdabest002". The Defendant further admitted that agents would find child pornography material stored on his LG G6 VS988 cellular telephone which he has had for approximately one year. The Defendant admitted that he had obtained the child pornography through the use of the Kik application.

f.      The Defendant explained that he would typically obtain child pornography through a one-to-one exchange between himself and another user. The exchanges were most often in the form of single images and/or video files but would sometimes be in the form of Dropbox links. Furthermore, the Defendant advised that he portrayed himself on Kik, via username imdabest002, as a minor female by the name of "Kayla". As Kayla, the Defendant targeted minor males between 12 and 17 years of age and sent them nude selfies and videos of a suspected minor female masturbating in an attempt to get those minor males to reciprocate.

8

g.      The Defendant was clear in stating that he knew what type of material he was manipulating these minor males into producing and distributing to him. Additionally, the Defendant advised that he was fully aware that possessing, receiving, distributing and producing child pornography material was illegal; however, he chose to knowingly engage in the described conduct anyway. The Defendant commented that he had never physically harmed a child, but explained that he had been knowing manipulating minor males to produce and send him child pornography for the purposes of satisfying his own sexual gratification.

h.      A forensic examination was performed on the Defendant's LG G6 VS988 cellphone, IMEI: 355273082871025 as well as in the Defendant's Dropbox account. Agents discovered 3,765 images and 746 videos of young children engaged in sexually explicit conduct as defined under federal law (18 U.S.C. 2256(2)(A)). The images and videos include children under the age of 12 (pre-pubescent), bondage, bestiality and acts of violence such as the penetration of the victims. Some of the images are of known victims as identified through the National Center for Missing and Exploited Children.

i.      Through his investigation, SA Shultz was able to locate 18 different chats on the Kik messenger application between the Defendant and minor male victims. During these chats, the Defendant, posing as a teenage girl, would ask the minor males to send pictures of themselves naked or masturbating to which the minor males did. From June 22, 2018, through July 3, 2018, the Defendant communicated with Minor Victim #1, a 16-year-old male from Michigan, and asked him to send child pornography. Minor Victim #1 sent images of his penis and him engaging in sexually explicit conduct. On June 27, 2018, the Defendant communicated with Minor Victim #2, a 13-year-old male from Illinois, and asked him to send child pornography. Minor Victim #2

sent images of his penis and him engaging in sexually explicit conduct.   On July 2, 2018, the Defendant communicated with Minor Victim #3, a 14-year-old male from New York, and asked him to send child pornography.   Minor Victim #3 sent images of his penis and him engaging in sexually explicit conduct.

j.      The Defendant's cell phone was manufactured outside of the state of Texas. Consequently, the media at issue which was used to receive and possess the child pornography traveled in foreign or interstate commerce.   The Defendant communicated with, enticed and persuaded Minor Victim #1, Minor Victim #2 and Minor Victim #3 to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct.   Further, the Defendant utilized the Internet, which is a means and facility of interstate and foreign commerce, to have Minor Victim #1's, Minor Victim #2's and Minor Victim #3's images transmitted to him.

**Breach of Plea Agreement**

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

16.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets

10

over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

20.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s)

11

incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

21.   Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.   In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

an LG G6 VS988 cellphone, IMEI: 355273082871025.

22.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Notification of the Sex Offender Registration and Notification Act

26. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.  The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.  The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status.  Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

27. This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States,

Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____*Houston*_____ , Texas, on _____*January 27*_____ , 2022.

_____
Defendant

Subscribed and sworn to before me on _____*January 27*_____ , 2022.

NATHAN OSCHNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Jennifer B. Lowery
United States Attorney

By: _____
Kimberly Ann Leo
Assistant United States Attorney
Southern District of Texas

_____
Peyton Peebles
Attorney for Defendant

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-19-28 |
| AUSTIN GRAY ROBERSON, Defendant. | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

1/27/22
_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

15

which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.


_____        _____
Defendant                                              Date